Welcome to the Ninth Circuit. I'm pleased to be joined by my colleagues Judge Fletcher and Judge Collins and we're glad to have all the attorneys here present and we just would remind you to pay attention to the clock, watch your time, let us know if you want to reserve time, try and conclude as your time's wrapping up. When it's counting back up you might think you got time still on the clock you're actually you've used it all up and you're you're living on the clock. We're going to start with our first case set for argument today United States v. Taylor that's case number 22-30147 and we'll hear from Mr. Gombiner. Gombiner, thank you. Robert Gombiner on behalf of Appellant Aubrey Taylor I'd like to reserve two minutes for rebuttal. A defendant sentenced to 23 years in prison should have that sentence be the product of a process where the defendant's arguments are considered, where the court explains its guidelines calculations, and where the court explains the reasons for its sentence. That didn't happen here. In this case the defendant raised numerous and factual objections to the pre-sentence report. The district court did not resolve most of those contentions. The reason he didn't is a little unclear but it seems primarily because the district court chose not to treat the resentencing as de novo but to decide that anything that he thought had been decided before shouldn't be considered again. That was an error in two respects. First, none of the issues that were raised in the objections to the pre-sentence report at the second sentencing had ever been resolved at the first sentencing and there was an... Had they been raised on the appeal from the Mr. Taylor in the first appeal explained was that there wasn't any... They were irrelevant in moot because Mr. Taylor had been convicted of two counts involving HS where the guidelines range was calculated at 46 and even if there was... You took off two points it would still be 44 and 44 is... Yields a life guidelines range. There wasn't any point in raising objections to the other counts because they didn't have any effect on the guidelines range. Even if he had prevailed on any of them, the guidelines range was still the same. The issue is entirely different at the second sentencing because once the counts regarding HS had been reversed, then even under the probation department calculation, the guideline range was not life anymore. It was 360 to life and under Mr. Taylor's calculations, the guidelines range should have been 235 to 293 months. So that's why the issues weren't raised on the first appeal. But as this court has said numerous times, when a matter is remanded for resentencing, unless the court limits the resentencing in some way, the resentencing is treated as de novo. And what that means is even if the issues had been raised at resolved in the first sentencing, they can be raised again. And defendant from raising the issues? I didn't think he limited them at all. Well, I think the record reflects that. In fact, he said he wasn't going to revisit issues. I think that's your point. He wasn't going to revisit issues that he'd already decided. Right. I mean, there's no question about it that Mr. Taylor raised at the sentencing many objections to the pre-sentence report. The fundamental problem is, regardless of how you construe or interpret the district court's comments, which admittedly are a little opaque and it's not entirely clear what he meant when he said, I'm not going to revisit the issues. But the main point is that once specific factual and legal objections have been raised, then the district court has an obligation under rule 32 to resolve those issues. And the district court simply never did that. And you don't think that he can rely on, I mean, what, what objections were new as compared to the first sentencing that you think he had a duty to explain in a way that he hadn't already explained in the first sentence? Well, first, at the first sentencing, there was no enhancement regarding DK, who was one of the people for whom Mr. Taylor was being sentenced at the second sentencing. In the second sentencing, there was a two-level enhancement for DK. So that was something entirely new. So that certainly had to be resolved. But the other ones had to be resolved too, because they were all, there were challenges. I mean, it's a four-page single-space letter of objection. So I don't really have time, unless the court wants to give me a lot of time, to go through every one of them. But, but there were all, there were objections to a vulnerable victim, whether he was... But I thought that was an issue in the first trial as well, or the first sentencing. It wasn't an issue at the first sentencing. The reason was because no one, if you, if you read the sentencing memorandums for, in the first case, and you read the, the record in the first case, no one ever talked about those issues, because it just didn't matter, given that it was a life guideline for the counts involving AHS. So what's the, you know, you're not going to be spending a lot of time arguing about something that makes absolutely no difference. Okay. So the, the vulnerable victim wasn't, it wasn't imposed on the first one. You're just saying there wasn't argument or challenging because it didn't, it would have been futile to... It would have been, it would have, and that's what, that was the point made in the, the appellate brief, which... You're not, just to be clear, you're not relying on just a straight up argument that, hey, two counts were vacated on resentencing. It's error to impose the same sentence. No, absolutely not. That's, I mean, the, if the court had, it, there was, we're not contending that, you know, viewed in a vacuum, the sentence is unreasonable or the court couldn't impose the same sentence, but it has to do that with the right process. And my point is that it didn't explain the guidelines. It didn't explain, the district court didn't explain why he was rejecting a non-frivolous 3553A argument regarding sentencing disparity. He didn't explain how he calculated the guidelines and he didn't give any explanation for, for the sentence. All he said was, relying on the 3553A factors, I'm imposing the same sentence. Under this court's jurisprudence, that's not sufficient. The, the, the fundamental point I'm trying to make is the whole process here was one in which the court simply did not fulfill its obligations to address the defendant's contentions and to explain what it was, why it was imposing the sentence. And that entitles Mr. Taylor to a resentencing. I see I only have eight seconds left, so unless you've got any other questions, I'll turn it over to my opponent. Thank you. We'll hear from the government. Good morning, Your Honors. I'll try to raise this. Jonas Lerman for the United States. This case, Your Honor, illustrates why we have the contemporaneous objection rule and the plenary standard of review. This is an appeal fundamentally about whether the district court adequately explained why it was reimposing a sentence seven years below the bottom end of the correctly calculated guidelines range. All the claims on appeal are variations on that theme. There was no objection like that raised at the resentencing hearing. No objection that the defendant was being deprived of a de novo resentencing. No objection about the court's compliance with Rule 32. In fact, he, I mean, he was, he was specifically offered the opportunity, or didn't the district court actually ask and say, this is how I'm going to So we'll go forward on the advocacy as if we were back at the original sentencing, but without a finding of guilt beyond a reasonable doubt. And that was a reference of, to counts one and two, which this court vacated for purposes of sentencing. And then he said, okay, there was no objection. Um, I'm not sure what else the court could have said to make clear everything will be redone as if there hadn't been a prior sentencing. I missed the first part of your question. That sounds like everything will be redone as if there were not a prior sentencing. Right. And the court said that he was not planning to revisit the issues that he had already decided, but there was no suggestion that he felt he wasn't allowed to or that he was barred from doing that. And again, the point I'm trying to make is there was no objection. That was the time to object and say, Hey, Your Honor, we don't think... Is he saying in that language that he was going to, where does he say that he's going to adhere to the prior rulings? Uh, he says, I don't plan to revisit, uh, the prior rulings, but he doesn't say that he can't revisit them or that he's barring the defense from making arguments, uh, to the AUSA. And wasn't that, uh, ER 14, didn't he say anything that I ruled on previously that was appealed in the previous appeal? I am not revisiting. I think he said could have been appealed in the previous appeal. Yeah. I see. Yeah. I don't have the transcript in front of me, but that's my objection that the court was failing to comply with rule 32. No objection that the court was not adequately addressing 35 53 a six, the unwarranted disparity argument. No objection that the court wasn't adequately explaining its guidelines calculation. And to be clear, that's the guidelines claim in front of this court. It's not a substantive guidelines claim, uh, you know, on the merits. It's a claim that the explanation of the guidelines was not adequate, and there was no objection made at the resentencing hearing. Is there a government's position? Is every every issue on appeal is governed by plain error? Yes. Okay. Every single one, including the final claim, the bias claim, you know that the court's comments showed some sort of bias or lack of impartiality again under wrangle. In other cases, we cited plain error applies to that claim to on that ladder point about inadequate explanation. That would be the failure to object after the point in the resentencing hearing. I mean, the claim on appeal is about the adequacy of the court's comments. And so I think you look at the whole the whole sentencing transcript, the resentencing transcript. Um, and not just the court's comment that I've considered all the 35 53 a factors I've considered all the circumstances aggravating and mitigating, which is that you're 38, but all the court's comments and the court's colloquies with the attorneys and so on and with Mr Taylor. Um, and I think you know, I can walk through each of these each of these claims. Um, but but the fundamental point is that there was no plain error. The defense hasn't seriously tried to show plain error, but you don't even need to reach that question because I think maybe the most straightforward way to affirm here is on the third prong of plain error review. Um, you know, that that that the alleged air didn't affect the defendant's substantial rights. So in say, how, for example, your case C E J A, which we cite in our brief, that's what the court did there with a rule 32 claim. Uh, the court said, even assuming there was a rule 32 error in failing to resolve objections, even assuming it was plain, um, you know, there's no prejudice to the defendant because there's no reasonable probability. He hasn't carried his burden of showing that there was a reasonable probability that the court would have imposed an even lower sentence if only the court had said more. And we have the same thing. Would that would government be making that sentence? Or that's just unique? Or, um, I don't know. What's the evidence that there was no prejudice that he wouldn't have gone any lower? Well, one piece of evidence is that this is a resentencing. So we already have the original sentencing where Judge Lasnik found that this was a reasonable sentence, considering all the factors where the judge, you know, considered these arguments and found the 23 years reasonably balanced all the considerations. And then at the resentencing, he came to the same conclusion. Um, on the point about the, you know, the guidelines objections being different. I don't think that's correct. And I would point the court to page 25 of the PSR volume, which we submitted. That's where the probation office is responding to the objections at the original sentencing, and it's responding to objections about the vulnerable victim adjustment. Um, the probation office respectfully disagrees. The vulnerable victim adjustment is warranted under counts one and two, victim HS and count five victim LC for the reasoning outlined in the pre-sentence report. Um, and there's also discussion of the role enhancement for count three on AM. Um, on the role adjustment also, this is the organizer or leader enhancement. I would note that the defense at the resentencing conceded that that enhancement applies on count five. Uh, and that's at SER 58. There's an express concession there, um, that that that enhancement applies. Um, and I can read it to the court. Um, but again, on the merits of the guidelines calculation, that's not properly before the court because that was not one of the claims raised specifically and distinctly in the opening brief. Um, if the court has any other questions, I'm happy to address them. But otherwise, I'll submit. Okay. Thank you. Just two points. I think there's been a lot of confusion here about, um, maybe a little confusion anyway, about, um, what happened at the first sentencing. There were no rulings at the first sentencing at any, on any of the objections raised at the second sentencing. There was nothing raised on the appeal for the very good reason, as I've already explained, that it couldn't possibly have made any difference about the objections that now did make a difference. So I think if the court examines the record, that becomes clear. Second, the government has repeatedly insisted that any error has to be harmless because this was a below guideline sentence. And that's jurisprudence. I didn't hear him raising that argument. I thought that was my question was, is that what they would be saying? And I thought they said no. I think I think in the government's brief, it did say that, that area. And that's I think that's when he was referring to say how he was saying that the error was was harmless. And this well, no, they clearly made the harmless error. But I don't think it was just because it was below guidelines. So therefore, it's harmless. Okay. I thought that's what you were saying. Well, I just I just want to point out that there are many cases from this court which have concluded that even when the district court imposes a sentence below the guidelines, if there was a rule 32 objection that wasn't raised, that would have made a difference in the guidelines calculation that can result in reversible error. And I'd say to, for example, a case I didn't cite in my brief United States versus Flores, which is at 725 F3rd 1028. So all I want to say is that I think if you look at the whole record here, you will see that the district court simply did not make the rulings or give the explanations it was required to do. And Mr. Taylor should get the right to have a sentence that complies with how process is supposed to work, not just a peremptory announcement that you're getting 23 years again. Okay. Thank you, counsel. Thank you to both counsel for your arguments in the case. The case is now submitted.
judges: FLETCHER, NELSON, COLLINS